IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHNELL MOSELEY and CONSTANCE MOSELEY,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MATTHEW THORNTON, Administrator ad litem of the Estate of Alphonso Odell Parker, deceased, and JIT-EX, LLC,<br><br>　　　Defendants. | No. 2:25-cv-02580-SHL-tmp;<br>No. 2:25-cv-02582-SHL-cgc |

**ORDER CONSOLIDATING CASES**

On June 9, 2025, Johnell and Constance Moseley filed twin complaints for injuries sustained from a collision while traveling together in a tractor trailer cab. (No. 2:25-cv-02580-SHL-tmp, ECF No. 1; No. 2:25-cv-02582-SHL-cgc, ECF No. 1.) The complaints share the same issues of law and fact and name the same defendants, but opened two separate cases. (Id.) At the September 18 scheduling conference, the Parties agreed that they should be consolidated. (No. 2:25-cv-02582-SHL-cgc, ECF No. 20.)

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Consolidation serves judicial efficiency, to "administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting Charles A. Wright & Arthur R. Miller, 9 Federal Practice and Procedure, § 2381 (1971)).

It is ultimately within the discretion of the district court as to whether cases should be consolidated. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). When considering whether to consolidate, the district court must consider:

>  (1) whether the specific risk of prejudice and possible confusion are outweighed by the risk of inconsistent adjudication of common factual and legal issues; (2) the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as opposed to a single one; and (4) the relative expense to all parties of a single trial versus multiple trials.

Powell v. Oldham, No. 2:16-cv-2907-SHM-dkv, 2018 WL 1249909, at *3 (W.D. Tenn. Mar. 9, 2018) (citing Cantrell, 999 F.2d at 1011). Though given discretion to consolidate cases, the district court must make its decision "thoughtfully with specific reference to the factors identified above." Cantrell, 999 F.2d at 1011.

Here, the Court finds consolidation appropriate. Consolidating the cases will (1) lower the risk of confusion because the facts of the two complaints are practically identical, (2) lessen the burden on the parties, witnesses, and available judicial resources, (3) save time, and (4) reduce costs for all.

Thus, the Clerk is **DIRECTED** to consolidate these cases under the case caption of the first-filed complaint, **No. 2:25-cv-02580-SHL-tmp**.

**IT IS SO ORDERED,** this 18th day of September, 2025.

>  s/ Sheryl H. Lipman
>  SHERYL H. LIPMAN
>  CHIEF UNITED STATES DISTRICT JUDGE