# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHNELL MOSELEY and CONSTANCE MOSELEY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MATTHEW THORNTON and )<br>JIT-EX, LLC, )<br>)<br>Defendants. ) | No. 2:25-cv-02580-SHL-tmp;<br>No. 2:25-cv-02582-SHL-cgc |

## ORDER DIRECTING PARTIES TO ADDRESS VENUE

On June 9, 2025, Plaintiffs Johnell and Constance Moseley filed complaints for injuries arising from an August 26, 2024 truck collision in Monroe County, Arkansas. (ECF No. 1.)[1] They named as defendants both Matthew Thornton, administrator ad litem of the Estate of Alphonso Odell Parker, the other driver in the collision, and Jit-Ex, LLC, the trucking company that employed him. (Id. at PageID 1–2.) The complaint did not plead whether venue was proper in the Western District of Tennessee, and now the Court requests arguments on the issue.

The venue statute in 28 U.S.C. § 1391(b) states that

> [a] civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Because the Moseleys' twin cases were consolidated on September 18 (ECF No. 27), all citations are to the docket of the first-filed case, No. 2:25-cv-02580-SHL-tmp.

28 U.S.C. § 1391(b).  When venue is improper as to a district or a division, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "A court may transfer a case <u>sua sponte</u> to a proper venue pursuant to 28 U.S.C. Section 1406(a) . . . ."  <u>Bachtel v. Barker</u>, No. 1:15-CV-434, 2016 WL 339931, at *7 (S.D. Ohio Jan. 28, 2016).

Here, the venue statute, 28 U.S.C. § 1391(b), appears not to be satisfied.  First, § 1391(b)(1) is not triggered because all defendants do not reside in Tennessee.  Defendant Thornton, as Parker's representative, is counted as a resident of Mississippi, <u>see</u> 28 U.S.C. § 1332(c)(2), as is Jit-Ex, LLC, because both of its members reside in Mississippi.  Next, under § 1391(b)(2), "a substantial part of the events" do not appear to have occurred in the Western District of Tennessee because the truck collision occurred in the Eastern District of Arkansas.  Finally, there is not a need for an alternative forum under § 1391(b)(3) because venue appears to be proper across the Mississippi River.

At the September 18 Scheduling Conference, the Parties did not object to venue in this Court, but they did not explain why venue was proper, either.  Given that the Plaintiffs have chosen this forum, the Court would not be inclined to transfer this case if not for the instruction that the district court "shall dismiss . . . or transfer" a case for improper venue.  28 U.S.C. § 1406(a).  The Parties are asked to point to facts or law supporting a contrary conclusion.

Thus, the Parties are **DIRECTED** to file brief memoranda addressing whether the Court should transfer this case to the United States District Court for the Eastern District of Arkansas or the Northern District of Mississippi, by **Friday, October 3, 2025**.

**IT IS SO ORDERED,** this 19th day of September, 2025.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE